UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-cv-22350-RUIZ/LOUIS

SHEBAH T. CARFAGNA,

    Plaintiff,

v.

FISHER ISLAND CLUB, INC.,

    Defendant.

_____/

## DEFENDANT'S AMENDED[1] MOTION TO STAY DISCOVERY AND OTHER CASE DEADLINES AND MOTION FOR PROTECTIVE ORDER

Defendant Fisher Island Club, Inc. ("Fisher Island"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, moves for an order staying discovery and other case deadlines pending the Court's decision on Fisher Island's fully briefed and dispositive Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion to Compel Arbitration filed on September 4, 2024. [ECF No. 23]. A stay is warranted until the Court rules on Fisher Island's Motion to Dismiss or Motion to Compel Arbitration because the substantial prejudice and burden Fisher Island would face by potentially waiving its right to arbitrate all of Plaintiff's claims should it participate in the burdensome discovery in this case far outweighs the short delay in these case proceedings, which will not prejudice any party. Additionally and to the extent not included within the request for a stay of discovery and case deadlines, Fisher Island seeks a protective order to protect it from having to respond to Plaintiff's document requests,

---

[1] This Amended Motion is identical to the Motion filed today [ECF No. 28], except this Amended Motion includes the Local Rule conferral certification, which was inadvertently missing from the original Motion.

1

interrogatories, and notice of taking videotaped depositions (including protection from having to schedule said depositions). As shown below, reasonableness and good cause are established warranting a stay of discovery and case deadlines and a protective order, until the Court rules on Fisher Island's Motion to Dismiss or Motion to Compel Arbitration.

## BACKGROUND

Fisher Island filed a motion to dismiss for lack of standing [ECF No. 16] in response to Plaintiff's original complaint [ECF No. 1]. In response, Plaintiff filed the Amended Complaint [ECF No. 21]. In her original complaint, Plaintiff alleged she shared an independent contractor and/or employment relationship with Fisher Island.

In her Amended Complaint, Plaintiff added allegations that she was a "de facto employee" of Fisher Island. Plaintiff alleges that from July 31, 2010, to April 22, 2024, she worked as a fitness instructor at Fisher Island providing personal training services to its members and residents. [ECF No. 21, Am. Compl. ¶ 16]. Plaintiff's Amended Complaint contains four counts under Section 1981: race discrimination (Count I); retaliation (Count II); retaliation (Count III); and violation of equal benefits (Count IV). [ECF No. 21, Am. Compl.].

On September 4, 2024, Fisher Island filed its Motion to Dismiss or Motion to Compel Arbitration [ECF No. 23]. As to the Motion to Dismiss, Fisher Island argued that Plaintiff lacked standing to bring, or otherwise failed to state, her Section 1981 claims, which required dismissal of all of her claims. As to the alternative Motion to Compel Arbitration, Fisher Island argued that all of Plaintiff's claims should be compelled to arbitration (under equitable estoppel) and the action should be stayed. On September 18, 2024, Plaintiff filed her Opposition to the Motion to Dismiss or Motion to Compel Arbitration [ECF No. 24]. On September 27, 2024, Fisher Island

filed its Reply in support of its Motion to Dismiss and Motion to Compel Arbitration [ECF No. 27].

On November 27, 2024 (the evening before Thanksgiving), Plaintiff served Fisher Island with her First Requests for Production of Documents, which is attached as Exhibit A. On November 29, 2024 (the day after Thanksgiving), Plaintiff served Fisher Island with her First Set of Interrogatories, which is attached as Exhibit B. Subsequently, on December 4, 2024, Plaintiff served her Notice of Taking Videotaped Depositions, unilaterally scheduling depositions (albeit with an offer to work with undersigned counsel on the dates) for at least nine individuals, including independent contractors and employees of Fisher Island (including Fisher Island's general counsel), which is attached as Exhibit C.

## ARGUMENT

**I.     The Court Should Use Its Broad Discretion to Grant a Stay in this Action to Protect Fisher Island from Substantial Prejudice and Burden.**

The Court has broad discretion to manage discovery and control its timing to protect parties from undue burden. *See Wilson v. Everbank, N.A.*, No. 14-CIV-22264-BLOOM, 2014 WL 12774848, at *1 (S.D. Fla. Nov. 18, 2014) (citing Fed. R. Civ. P. 26(c)). The Eleventh Circuit has emphasized that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins." *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308-1309 (11th Cir. 2020) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). Similarly, the "contractual questions raised by a motion to compel arbitration are sufficiently analogous to the dispositive issues raised by a motion to dismiss" to justify staying discovery until those issues are resolved. *Internaves De Mexico s.a. de C.V. v. Andromeda Steamship Corp.*, No. 16-81719-CIV-MIDDLEBROOKS, 2017 WL 7794599, at *1-2 (S.D. Fla. Feb. 24,

3

2017) (holding that "[i]t would be a waste of time and expense to require the [p]arties to exchange documents and interrogatories and depose witnesses when the Court may very well determine that the contract requires an arbitrator to resolve this dispute."). Additionally, under the Federal Arbitration Act ("FAA"), which governs the enforceability of an arbitration agreement, a court "shall on application of one of the parties stay" proceedings if the issue presented is "referable to arbitration under an agreement in writing for such arbitration," allowing parties to arbitrate claims per the agreement's terms. 9 U.S.C. § 3.

"To prevail on a motion to stay, Defendant[] must demonstrate reasonableness and good cause." *Chevaldina v. Katz*, No. 17-22225-CIV- WILLIAMS/TORRES, 2017 WL 6372620, at *2 (S.D. Fla. Aug. 28, 2017 ) (Torres, Mag. C.J.) (granting motion to stay discovery and case deadlines pending outcome of case dispositive motion to dismiss). In assessing reasonableness and good cause, courts must weigh the harm of delaying discovery against the likelihood that a dispositive motion will be granted, rendering discovery unnecessary. *Id.* (citations omitted). Courts may conduct a "preliminary peek" at the merits of the dispositive motion to determine if it is "clearly meritorious and truly case dispositive." *Brooks v. Event Ent. Grp., Inc.*, No. 20-22185-CIV-SCOLA, 2020 WL 5535346, at *2 (S.D. Fla. Sept. 15, 2020) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).

In this case, Fisher Island establishes reasonableness and good cause by demonstrating both the substantial prejudice and burden of discovery and the strong likelihood that its Motion to Dismiss or Motion to Compel Arbitration will obviate the need for discovery in this forum.

### A. A Stay is Warranted to Protect Fisher Island's Right to Arbitrate.

Engaging in discovery while the Motion to Compel Arbitration is pending would unfairly and substantially prejudice Fisher Island's right to arbitrate Plaintiff's claims. Courts in the

4

Eleventh Circuit evaluate whether the party "substantially participates in litigation" before invoking arbitration. *Citibank, N.A. v. Stok & Assocs., P.A.*, 387 F. App'x 921, 924 (11th Cir. 2010) (per curiam) (citations omitted); *see also Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022) (a party may waive its right to arbitration if it engages in litigation to a degree inconsistent with an intent to arbitrate).

Here, if Fisher Island engaged in discovery (absent a Court order to do so), it would risk acting inconsistent with an intent to arbitrate, potentially leading to a waiver of its right to arbitrate all claims in this action. Courts in this district have consistently granted stays of discovery in similar circumstances, emphasizing the risk of waiver when defendants participate in discovery before a pending motion to compel arbitration is resolved. For example, in *Lopez v. Auto Wax of South Florida, Incorporated*, No. 20-CIV-81892-RAR, 2021 WL 911176, at *4 (S.D. Fla. Mar. 2, 2021) (Ruiz, J.), the Court granted the defendants' motion to stay discovery, noting that engaging in discovery could result in the defendants' waiver of the right to arbitrate. Similarly, in *Brooks v. Event Entertainment Group, Incorporated*, the court recognized that activities such as conferring about discovery and exchanging discovery could constitute substantial participation in litigation, thus jeopardizing arbitration rights. 2020 WL 5535346, at *1. The *Brooks* court concluded that denying a stay would effectively force the defendant into actions inconsistent with its intent to arbitrate. *Id.* at *2.

Applying *Lopez* and *Brooks*, a stay is necessary to protect Fisher Island from unintentionally waiving its right to arbitrate Plaintiff's Section 1981 claims. Throughout this litigation, Fisher Island has repeatedly acted to preserve its right to arbitrate pursuant to the Agreement. In Fisher Island's initial filing, the Motion to Dismiss the Plaintiff's Complaint for Lack of Standing, filed on July 30, 2024 [ECF No. 16, n.1], Fisher Island noted the following:

5

> "The Agreement contains a broad arbitration provision covering '[a]ny dispute or controversy arising out of or in connection with this Agreement[.]'Borges Decl. Ex. A, at ¶ 22. Fisher Island preserves, and does not waive, its right to arbitrate any claims brought by Panache Fitness against Fisher Island."

Similarly, in its Rule 26(a)(1)(A) Initial Disclosures served on Plaintiff on August 23, 2024, Fisher Island reiterated:

> "[b]y serving these Initial Disclosures and abiding by the Court's deadlines, Defendant preserves, and does not waive, its right to arbitrate any claims brought by Panache Fitness against Defendant under the Independent Contractor Agreement between Panache Trading Company d/b/a Panache Fitness ("Panache Fitness") and Defendant dated May 14, 2021."

Def's Initial Disclosures p. 1, n.1.

These clear and consistent statements highlight Fisher Island's intent to safeguard its arbitration rights, underscoring the necessity of a stay to prevent waiver.

### B. The Motion to Compel Arbitration is Fully Dispositive and has a Substantial Likelihood of Success.

Fisher Island's Motion to Compel Arbitration is likely to succeed because equitable estoppel prevents Plaintiff, a non-signatory to the Agreement, from avoiding its arbitration clause while simultaneously relying on the Agreement to assert her Section 1981 claims. [*See* ECF Nos. 23, 27.] The Motion to Compel Arbitration asserts that Plaintiff's Section 1981 claims are based on the existence, terms, and ultimate termination of the Independent Contractor Agreement (the "Agreement") between Fisher Island and Plaintiff's solely owned corporation, Panache Trading Company d/b/a Panache Fitness ("Panache Fitness"). The Agreement contains a broad arbitration clause mandating arbitration of all claims arising out of or in connection with the Agreement. Plaintiff cannot simultaneously rely on the Agreement to support her Section 1981 claims while avoiding its arbitration provision.

Plaintiff's Opposition fails to counter this argument with any legal authority, merely asserting that she is not a party to the Agreement and did not consent to arbitration. [ECF No. 24, p. 20]. Plaintiff's failure to counter Fisher Island's equitable estoppel argument underscores the fully dispositive Motion to Compel Arbitration's likelihood of success in Fisher Island's favor, justifying reasonableness and good cause for a stay of discovery and case deadlines.

C. **The Motion to Dismiss for Lack of Standing is also Fully Dispositive and has a Substantial Likelihood of Success.**

Fisher Island's Motion to Dismiss for Lack of Standing is case dispositive in its own right and should be decided before discovery begins. *See Chudasama*, 123 F.3d at 1367. The Motion to Dismiss for Lack of Standing argues that Plaintiff lacks standing to assert her Section 1981 claims, which form the basis of all four counts in the Amended Complaint. [ECF Nos. 23, 27.] More specifically, Plaintiff's claims rest on alleged mistreatment, termination, and benefits under the Agreement.

A preliminary review of Fisher Island's Motion to Dismiss indicates that Plaintiff has failed to refute the applicability of *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) and similar cases cited by Fisher Island, which require personal contractual rights for Section 1981 claims. Plaintiff cannot establish that any benefits were owed to her personally (absent the Agreement) under Section 1981.

Plaintiff's reliance on a de facto employment theory is unpersuasive, as demonstrated by *Zatta v. SCI Tech. Inc.*, No. 5:21-CV-01707-MHH, 2023 WL 11199375, at *1-6 (N.D. Ala. Apr. 26, 2023) and *Feldman v. Venture Agency Holdings, Inc.*, No. CV 23-8951-GWRAOx, 2024 BL 135488, at *1-2 (C.D. Cal. Apr. 19, 2024). In both cases, courts rejected similar attempts to assert Section 1981 claims based on alleged de facto employment relationships, emphasizing the necessity of a direct contractual relationship to establish standing under Section 1981. Plaintiff's

7

Opposition [ECF No. 24, pp. 12–18] fails to distinguish these cases or provide any counter authority applicable to the Section 1981 context, thereby further undermining her claim to have standing in this case.

Because Plaintiff lacks such rights and benefits, she lacks standing to assert the claims in this case. Consequently, the likelihood of dismissal for lack of standing supports a stay of discovery and case deadlines.

### D. The Balance of Harms Favors a Stay.

Finally, the balance of harms weighs in favor of granting a stay of discovery and case deadlines. The potential harm to Plaintiff from a temporary discovery stay is minimal and outweighed by the substantial risk of prejudice to Fisher Island not only with respect to its potential waiver of arbitration (as explained above), but also as to the substantial burden and costs associated with responding to Plaintiff's voluminous discovery requests. For example, Plaintiff's Request for Production Number 20 demands:

> "All documents concerning complaints or inquiries made by any employee, independent contractor, or representative of the Club concerning the treatment by, or conflicts with, any other employee, independent contractor, or representative of the Club, including, but not limited to: (i) all internal communications; (ii) all communications between the Club and any such employee, independent contractor, or representative; (iii) all communications between the Club and any other person; and (iv) all documents concerning the Club's response to such complaints or inquiries."

Ex. A, ¶ 20. This request is, among other things, irrelevant, overbroad, and unduly burdensome—and not proportional to the needs of the case. Complying would require Fisher Island to potentially search years of records and correspondence (which could be thousands of pages of documents or more) and canvas dozens of witnesses, imposing significant costs and burdens on Fisher Island.

Additionally, Plaintiff served a Notice of Taking Videotaped Depositions, seeking to depose at least nine individuals, including independent contractors and employees of Fisher Island (including Fisher Island's general counsel). The total number of individuals Plaintiff seeks to depose is just shy of the number a party can depose without leave of Court. *See* Fed. R. Civ. P. 30(a). Collectively and on their face, the discovery requests and depositions are burdensome for Fisher Island and not proportional to the needs of the case. Courts have routinely granted stays where discovery requests are disproportionate or burdensome in light of a pending motion that could dispose of the case in its entirety, conserving both the parties' and the court's resources. *Wilson*, 2014 WL 12774848, at *1.

Fisher Island's burden is compounded by the fact that Fisher Island has demonstrated that arbitration—and not this Court—is the proper forum for this dispute. And typically in arbitration, discovery is minimized and streamlined in order to resolve disputes on an expedited basis. It is not clear whether these same discovery requests and number of depositions would even be permitted by an arbitrator.

Plaintiff will not face prejudice from a stay of discovery because, as the Court observed in *Lopez*, "if the Court ultimately determines that the dispute should be arbitrated, responsibility for the conduct of discovery lies with the arbitrators." 2021 WL 911176, at *4. On the other hand, "should the case proceed, Plaintiff will have ample opportunity to conduct discovery." *Wilson*, 2014 WL 12774848, at *1. In sum, Fisher Island would face significant prejudice and burden by engaging in potentially unnecessary discovery (in an incorrect forum), including the risk of waiving its arbitration rights should it participate in discovery absent a Court order instructing it to do so. As such, a stay of discovery and case deadlines is warranted.

**II.       Fisher Island is Also Entitled to a Protective Order to Protect It from Participating in Discovery until the Court Rules on the Fully Dispositive Motion to Dismiss or Motion to Compel Arbitration.**

In an abundance of caution and due to Plaintiff's outstanding document requests, interrogatories, and request to take/notice of at least nine depositions in the next several weeks, Fisher Island also requests the Court enter a protective order, protecting Fisher Island from responding to those written discovery requests and participating in depositions (and any other discovery) prior to the Court's ruling on Fisher Island's Motion to Dismiss or Motion to Compel Arbitration.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court may issue a protective order for "good cause ... to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Good cause for a protective order exists here, as explained above, because engaging in broad discovery prior to the Court's ruling on Fisher Island's dispositive motions would cause significant prejudice and burden to Fisher Island, including the risk of waiving its right to arbitrate the claims in this action. *See Lopez,* 2021 WL 911176, at *4 (staying discovery to prevent waiver of the right to arbitrate); *Wilson*, 2014 WL 12774848, at *1 (staying discovery because the plaintiff's discovery requests were disproportionately burdensome in light of a pending dispositive motion). Therefore, the Court should grant Fisher Island's motion for protective order, suspending its obligation to participate in discovery or any other case activities until the Court rules on Fisher Island's Motion to Dismiss or Motion to Compel Arbitration.

## **CONCLUSION**

For the aforementioned reasons, Defendant Fisher Island Club, Inc. respectfully requests the Court grant a stay of discovery and other case deadlines and a protective order until the Court

rules on Defendant's Motion to Dismiss or Motion to Compel Arbitration [ECF No. 23], and grant such other and further relief the Court deems just and proper.

**Local Rule 7.1(a)(3) Certification**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel conferred with counsel for Plaintiff in a good faith effort to resolve the relief requested in this Motion. Plaintiff opposes such relief.

Dated: December 16, 2024

        Respectfully submitted,

        By: /s/ *Stephanie Turk*
        ROBERT TURK, ESQ.
        Florida Bar No.: 261343
        E-mail: rturk@stearnsweaver.com
        STEPHANIE TURK, ESQ.
        Florida Bar No.: 99138
        E-mail: sturk@stearnsweaver.com
        STEARNS WEAVER MILLER WEISSLER
        ALHADEFF & SITTERSON, P.A.
        Museum Tower, Suite 2200
        150 West Flagler Street
        Miami, Florida 33130
        Telephone: (305) 789-3200
        Facsimile: (305) 789-3395

        *Counsel for Defendant Fisher Island Club, Inc.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on December 16, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                                */s/ Stephanie Turk*
                                                STEPHANIE TURK, ESQ.

## SERVICE LIST

CASE NO. 1:24-cv-22350-RUIZ/LOUIS
*SHEBAH T. CARFAGNA v. FISHER ISLAND CLUB, INC.*

MINSKER LAW PLLC
Jonathan Minsker, Esq.
Florida Bar No. 38120
1100 Biscayne Blvd.
Suite 3701
Miami, Florida 33132
Telephone: 786-988-1020
Fax: 305-377-1664
E-mail: jminsker@minskerlaw.com

*Counsel for Plaintiff Shebah T. Carfagna*

*Via CM/ECF*